## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAEZE NWOSU, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:24-cv-01852 (CJN) |
| AMERICAN EXPRESS COMPANY, et al., | |
| *Defendants*. | |

## <u>ORDER</u>

Proceeding *pro se*, Adaeze Nwosu sued six defendants on tort and contract claims flowing from her underlying allegation that she was defrauded by her credit card provider. *See generally* ECF No. 1 (Compl.). For the reasons below, the Court will dismiss Nwosu's claims as to all defendants.[1]

### I.    Claims Against American Express

Nwosu first alleges that American Express National Bank[2] and American Express Travel Related Services, Inc. (collectively, "American Express") committed fraud by failing to set a credit limit on her American Express Platinum Card, declining to authorize payments by installment, depriving her of certain advertised benefits, and refusing to refund "frivolous" merchant charges.

---

[1] After this case was removed to federal court, Nwosu purported to file an "interlocutory appeal" challenging the removal. *See* ECF No. 5. Because no final and appealable order then existed, *see* 28 U.S.C. § 1291, the appeal did not divest this Court of jurisdiction. *Cf. Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 2002 WL 31818924, at *1 (D.C. Cir. 2002) (per curiam) (only a non-frivolous appeal divests a district court of jurisdiction).

[2] Nwosu erroneously sued American Express National Bank as "American Express Company." *See* Compl.; ECF No. 10 (AmEx Mot.) at 1.

*See* Compl. ¶¶ 5.7–5.12.  But Nwosu's claims are word-for-word identical to ones she previously asserted against American Express in *Nwosu v. American Express Company et al.*, Civ. A. No. 24-00615, an earlier case before this court.  *See* ECF No. 11 (McClure Decl.) Ex. D (comparing the complaints in the two actions).  And "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Baird v. Gotbaum*, 792 F.3d 166, 171 (D.C. Cir. 2015).  The Court will therefore dismiss Nwosu's claims against American Express here as duplicative of those brought in Civ. A. No. 24-00615.[3]  *See Clayton v. District of Columbia*, 36 F.Supp.3d 91, 94 (D.D.C.2014) (explaining that district courts have discretion to "dismiss a duplicative and later-filed action"); *see also Bowe-Connor v. McDonald*, 2015 WL 807537, at *1 (D.D.C. 2015) ("Th[e] bar against duplicative pleadings applies to all plaintiffs, whether they are represented by counsel or proceeding *pro se*.").

## II.    Claims Against District of Columbia Judges

Nwosu next claims that two judges of the Superior Court of the District of Columbia, Judge Ross and Judge Lee, engaged in gross negligence by dismissing and transferring suits Nwosu brought in that court over American Express's alleged fraud.  *See* Compl. ¶ 5.13.8.  Specifically, Nwosu asserts that Judge Ross acted with "reckless disregard for the law" by "deciding jurisdiction based on the location of the plaintiff" and thereby dismissing her case.  *Id.*  And Nwosu asserts that Judge Lee denied her right to due process by removing her case to federal court before she filed an opposition and then denying her subsequent motion for reconsideration.  *Id.*  For these

---

[3] American Express moved to compel Nwosu's claims in that case to arbitration, and the court granted the motion.  *See Nwosu v. American Express Company et al.*, Civ. A. No. 24-00615, ECF No. 29.  The case is currently stayed pending the completion of the arbitration.  *See id.*

purported harms, Nwosu seeks compensatory and punitive damages "in excess of" one hundred million dollars. *Id.* ¶ 6F.

A "district court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (internal quotation marks omitted). That is the case here. Judges Ross and Lee "enjoy absolute judicial immunity from suits for money damages for all actions taken in a [] judicial capacity," unless those actions were "taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). Nwosu makes no claim that Judge Ross or Judge Lee lacked jurisdiction over her D.C. Superior Court claims; by contrast, she faults the judges for failing to adjudicate them. *See* Compl ¶ 5.13.8; *see also Stump v. Sparkman*, 435 U.S. 349, 357 n.7. And the acts about which Nwosu complains—dismissal of her case, removal of her case, and denial of a motion—are plainly judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam). The doctrine of judicial immunity thus poses a complete bar to Nwosu's claims against Judge Ross and Judge Lee.

### III.     Claims Against Federal Judges

Finally, Nwosu claims that two judges of this court, Judge Reyes and Judge Berman Jackson, committed fraud in relation to two other suits that Nwosu brought here. *See* Compl. ¶¶ 5.13.1–5.13.7, 5.13.9. Nwosu alleges that Judge Reyes engaged in "unlawful nepotism" and "retaliation" by dismissing *Nwosu v. Friedrich*, Civ. A. No. 24-0878, a suit against a third judge of this court who dismissed Nwosu's claims against American Express. *See* Compl. ¶¶ 5.13.1–5.13.7. Nwosu also alleges that Judge Reyes erred in reassigning a motion to amend filed in *Nwosu v. American Express Company et al.*, Civ. A. No. 24-00615 that sought to add her defendant in

that case, and that Judge Berman Jackson erred in accepting the random reassignment. *See* Compl. ¶ 5.13.9. For these alleged harms, too, Nwosu seeks relief in the form of compensatory and punitive damages. *See id.* ¶ 6B–G.

Nwosu's claims against Judges Reyes and Berman Jackson are also absolutely barred by judicial immunity. *See Sindram*, 986 F.2d at 1460. Again, all of Nwosu's allegations involve plainly judicial functions, such as dismissing her case, recusing from her case, and ruling on her motion to amend the complaint. *See Mireles*, 502 U.S. at 12. And while Nwosu argues that Judge Berman Jackson had "no jurisdictional capacity to review the [] amended complaint" given her senior status, Compl. ¶ 5.13.9, the authority of senior judges to preside over regular federal cases is expressly provided by statute. 28 U.S.C. § 371 (b)(1); *cf. United States v. Am.-Foreign S. S. Corp.*, 363 U.S. 685, 688–89 (1960) (holding that, for purposes of en banc review, "active circuit judges" does not include retired circuit judges).

For the foregoing reasons, it is hereby

**ORDERED** that American Express's Motion to Dismiss, ECF No. 10, is **GRANTED**;

**ORDERED** that the Federal Defendants' Motion to Dismiss, ECF No. 13, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, ECF No.1, and this case are **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to close this case.

This is a final and appealable Order.

**SO ORDERED**.

November 25, 2024

_____
CARL J. NICHOLS
United States District Judge